Delbert **HARDIN** et al., Appellants,

v.

**TEXAS BOARD OF PARDONS AND PAROLES, Appellee.**

**No. 12585.**

Court of Civil Appeals of Texas, Austin.

July 6, 1977.

Richard A. Dawson, Staff Counsel for Inmates, Texas Dept. of Corrections, Rosharon, for appellants.

John L. Hill, Atty. Gen., Jack B. Boone, Asst. Atty. Gen., Austin, for appellee.

SHANNON, Justice.

This is a consolidated appeal from five summary judgment orders entered by the district court of Travis County. We will affirm the orders of the district court.

Appellants are Delbert Hardin, Clinton S. Smith, Michael Lester Sargeant, Donald A. Garrett, and Mark Dudonis. All appellants are felons presently imprisoned at the Department of Corrections in Walker County. Appellee is the State of Texas through its Board of Pardons and Paroles, termed "the Board" in this opinion.

After hearing, the Board recommended to the Governor that the parole of each of the appellants be revoked. After the Board overruled appellants' respective motions for rehearing, appellants filed respective petitions in the district court of Travis County. Appellants pleaded that the district court of Travis County had jurisdiction of their administrative appeals from the determination of the Board by reason of Tex.Rev.Civ. Stat.Ann. art. 6252–13a (1970), commonly termed the Administrative Procedure and Texas Register Act.

In his petition each appellant claimed that the Board was without jurisdiction to consider the revocation of his parole inasmuch as ". . . more than forty-five days had elapsed . . . "[1] from the time he had been arrested on the parole violation warrant to the time of the Board's hearing. Tex.Code Crim.Proc.Ann. art. 42.12 § 22 (1966). By way of relief, appellants prayed that the district court of Travis County order each of them "reinstated on parole, or, in the alternative, that a trial de novo pursuant to Section 19 of the Administrative Procedure Act be set and held in this matter."

Appellee responded to appellants' petitions by filing motions for summary judgment. The basis for the motions for summary judgment was that the Administrative Procedure Act did not confer upon the district court the authority to review the Board's recommendation to the Governor that appellants' paroles be revoked.

■ The Board makes no final determination as to the revocation of parole. Its role is to recommend appropriate action to the Governor. "When the Board has heard the facts, it may recommend to the Governor that the parole be continued, or revoked, or modified . . ." Tex.Code Crim.Proc.Ann. art. 42.12 § 22. The Governor, as chief executive, alone, possesses the power to revoke parole. Tex.Const. art. IV, § 11.

■ Furthermore, section 19(a) of the Administrative Procedure Act provides that one who has been aggrieved "by a final decision in a contested case" is entitled to

---

1. Article 42.12 § 22 was amended in 1973 to provide that the hearing shall be held within *sixty* days of the arrest of the parolee.

judicial review. A determination by the Board is but a recommendation to the Governor who alone possesses the power to make the final determination concerning revocation. As a result, the Board's determination is not a final decision in a contested case within the purview of Sec. 19(a) of the Administrative Procedure Act.

■ The summary judgment orders are affirmed.

Affirmed.

